SUMMARY ORDER

Petitioners Nexhmije and Kristi Ramadani, natives and citizens of Albania, seek review of a December 31, 2007 order of the BIA affirming the May 10, 2006 decision of Immigration Judge (“IJ”) Brigitte Laforest denying Nexhmije Ramadani’s application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”), which included her son, Kristi, as1 a derivative applicant. In re Ramadani, Nos. A 98 346 829/830 (B.I.A. Dec. 31, 2007), affg Nos. A 98 346 829/830 (Immig. Ct. N.Y. City May 10, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA affirms the IJ’s decision in all respects but one, we review the IJ’s decision as modified by the BIA decision— that is minus the single argument that the BIA did not rely upon in rendering its decision. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). We review the agency’s factual findings under the substantial evidence standard, treating them as “conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B); see, e.g., Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to fact. See, e.g., Passi v. Mukasey, 535 F.3d 98, 101 (2d Cir.2008).
Substantial evidence supports the agency's determination that there has been a fundamental change of circumstances in Albania such that Nexhmije Ramadani no longer has a well-founded fear of persecution. See 8 C.F.R. § 1208.13(b)(l)(i). Ramadani argues that the agency failed to adequately address the particular circumstances of her claim. This argument ignores Hoxhallari v. Gonzales: the agency need not enter specific findings supporting a changed country conditions determination where “changed conditions evidently prevail in a country that is the subject of an appreciable proportion of asylum claims,” such as Albania. 468 F.3d 179, 187 (2d Cir.2006) (per curiam). In any event, the agency did provide a reasoned basis for its finding. Ramadani’s claim was based on her activities in support of the Democratic Party; but as the BIA found, that party had returned to power, and Ramadani had not experienced problems when it previously controlled the national government. There is record evidence that neither the government nor the *275 major political parties currently engage in abuse or coercion of political opponents. Because Ramadani fails to provide evidence compelling a conclusion contrary to that of the agency, we will not disturb its decision. See Corovic, 519 F.3d at 95.
The changed country conditions finding is supported by the record and is dispositive of Ramadani’s claims for asylum and withholding of removal. Therefore, we need not reach the agency’s alternative findings. See 8 C.F.R. § 1208.13(b)(l)(i)(A); 8 C.F.R. § 1208.16(b)(l)(i)(A).
Because Ramadani was unable to show the objective likelihood of persecution needed to make out an asylum claim, she cannot meet the higher standard for a withholding of removal claim, because both claims were based upon the same factual predicate. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006). As to Ramadani’s argument that she is entitled to a humanitarian grant of asylum regardless of changed country conditions, Ramadani failed to raise the issue in her appeal to the BIA, and we decline to consider the unexhausted issue. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 118-20 (2d Cir.2007).
Finally, because Ramadani has failed to sufficiently challenge the agency’s denial of CAT relief, we deem any such argument waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED.